Good morning, Your Honors. Anthony Bornstein on behalf of Hashibo Lacy, the appellant in this case. I'd like to save two minutes, if I can, for rebuttal. Your Honors, this case involves an evidentiary shortfall under Jackson v. Virginia. Jackson requires that the State prove each and every element of its case beyond a reasonable doubt. In this case, the State failed to carry its burden on an element in two counts of a very lengthy indictment. Counsel, could you address whether the federal constitutional issue was fairly presented to the State Supreme Court? Maybe we have to look at that issue before we get to the substance of the point you're arguing. Yes, Your Honor. I'm prepared to do that. First of all, the only source of State law that the State even contends was at issue now, whereas they conceded it was a federal issue in State court with its citation and reliance on Jackson v. Virginia, the State now posits that it might have been decided, even though no one cited it, under a statute which predated Jackson, ORS 136445. That's not a substantive statute, and the Oregon Supreme Court has stated that when a motion for judgment of acquittal is brought under that statute, the Court reviews it under Jackson v. Virginia. That's the State v. Garcia case decided by the Oregon Supreme Court, which the State has just flat-out ignored in its answering brief. And one thing I think is actually interesting about the State v. Garcia case is they not only cite Jackson, but they cite a rarely cited federal case, Pilon v. Bordenkercher, which was a companion case to Jackson. And what I think is significant about that is it actually reinforces that judgments of acquittal are reviewed under the federal standard. Next, the pinpoint site in the State's citation to Jackson in State court at ER 98 is page 319. And if you go to that page of the United States Supreme Court reports, the Court is saying that the criterion relied upon today is that which is necessary to protect the due process principles of in re winship. That is clearly a federal constitutional criteria. And they cited that case in its standard of review section, which is, of course, the criterion by which the Oregon appellate courts had to review the correctness of the lower court decisions. I would add, too, that in even one of this Court's most stringent exhaustion cases, Castillo v. McFadden, the Court outlined the various ways in which a Petitioner can exhaust State remedies. And one of the alternatives is that the Petitioner cite a State case which involves the legal standard for a federal constitutional violation. And in this case, Mr. Lacey did just that. He cited the Jackson standard, and under Oregon law, that standard has been in place since directly after Jackson was decided in 1979. And both the Oregon Supreme Court and the Oregon Court of Appeals have made it very clear that Jackson is the controlling standard. Two cases. You've answered my question on the procedural point, so I don't want to distract you from your merits argument. Would Your Honor like me to turn at this point to the merits? Well, it's up to you. I'm just saying I've heard enough on the merits. I know your argument, but I'm just saying I've seen enough evidence. I mean, I don't know if it's not a fair presentation issue. I understand, Your Honor. In Golden v. Hayes, the case in which this Court overturned Nevada conviction for passing checks on insufficient funds, the Court examined the reasoning of the Nevada Supreme Court in upholding Golden's conviction. And although in this case there's an affirmance without an opinion, if you look at the one decision that was rendered in this case, that of the trial court, he strayed from the elements of the offense. The trial judge, in effect, contemplated a different crime. He said that the actions of Mr. Lacy within the confines of a small house placed the victim in jeopardy, placed Ms. Killam, the named victim, in jeopardy. And that's not what the statute for robbery requires the state to prove. There is no strict liability under the Oregon statutes for... Well, he knew that she was in the house. Yes, Your Honor. And just like in Golden... You don't think banging and barging in the door with a gun extended is going to put somebody in reasonable apprehension, that they'll be facing coercion and the like? Is she just a nonentity? You mean he has to actually see her and point the gun at her? There can be hypothetical circumstances in which she had a greater level of awareness than she had. Well, don't give me hypothetical. Let's deal with what she had. She knew that somebody had barged in the door, and he knew she was in there, and he had a gun. So why isn't that sufficient under Oregon law? I think the record establishes that she did not know. She made it very clear in her call to 911, I don't know what happened. She knows that her boyfriend fired shots out the door, and then she immediately ran into the room and said, what just happened? She did not know what was going on. She might have had some level of fear, but the emotional effect on a victim does not establish the threat element of the offensive robbery. And that does not mean that Mr. Lacy did not, of course, as is clear from the record, commit other crimes. Okay, but taking your view of that, does the Oregon statute require that the person who is in the house needs to know that the person, the robber, is actually pointing the gun, or is it turn on what he was doing by banging the door, barging in, sticking the gun inside the door, clearly to attack the person who answered the door? So that's, unless she actually sees it, even though he, isn't that not enough evidence that he's trying to intimidate anybody that's in the house? He knew she was in the house. He didn't know where she was. And that might satisfy the intent element, but it does not establish the actus reus, the actus reus being the threat, which is an act of communication by one person against another. And a person can threaten a number of people, as we see in the cases such as State v. Dillman and State v. Hamilton.  I'm sorry, Your Honor? Those are the bank robbery cases? The first, Dillman's a bank robbery, and the Hamilton case involved two sections of a bar in Portland where a couple of intruders barged in and started firing shots into the ceiling, saying, everyone get down, or this is a robbery, or something to that effect. And the court said that everyone within that front section to whom the intruders communicated their intent and communicated their intent to use immediate force were victims of robbery. The court did not embrace anything like the strict liability, small house theory. I think Judge Gould has a question. Counsel, let me put a question to you, if I may, to try to illuminate this issue in my mind. Let's assume that a burglar breaks into a house with a gun extended to the heart of the house, but that the occupant at the time is asleep, took sleeping pills, is not conscious, or is drunk, or just somehow is not in a position where they can perceive the threat at that moment. Are you saying the act element of the crime is not satisfied because the victim in the house does not perceive the threat? I think the act can be completed if, let's say, there's a precipient witness that sees the defendant point a gun, let's say. Assume there's no precipient. The answer is hypothetical. I'm sorry. The act still has to be there. And no, if under Your Honor's hypothetical, there's no robbery because the person has just entered the door, has not communicated anything to that particular person. That lack of awareness on their part is, I would say, the lack of awareness on this particular, on Ms. Killam's part, is indirect proof that he did not communicate anything to her because unlike your sleeping victim hypothetical, Your Honor, she was able to see, she was awake and able to hear, and yet she heard nothing. So it's very different. I guess my hypothetical was trying to help me understand the significance of this perception. If a burglar breaks into the house in Oregon and opens a drawer and takes money out of it and, you know, doesn't wake up the inhabitant, they sleep through it all, has he not committed this offense? He has not committed a robbery under that set of facts. Oregon does punish, under its formal guidelines, burglaries of an occupied dwelling more harshly than it does an unoccupied dwelling. And under that particular hypothetical, there is no actual completed robbery. And I would point out one other thing on the record here that's, I think, significant for Your Honor's question, and that's in Count 8 of the indictment, the State also charged the offense of unlawful use of a firearm, unlawful use of a weapon. And so not only did the State prosecute him for burglary, not only did the State prosecute him for robbery, they also prosecuted him for unlawful use of a weapon, naming only the one who he pointed the gun at, and that was Mr. Porter. Okay. I think we have your argument. You're over time. Thank you. Thank you. I'd like to save a minute, then, for the panel. You're over your time. We'll see whether I need to. May it please the Court and Counsel. Jeremy Rice on behalf of the State of Oregon. Petitioner's habeas case, as I think the Court is well aware, the State's position is that this case fails for either of two reasons. Either Petitioner failed to present the claim, fairly present the claim to the State courts, and it is, therefore, procedurally defaulted, or, alternatively, Petitioner did present his claim to the State courts. Those courts rejected Petitioner's claim, and the State court decisions are entitled to deference by this court. For either of those reasons, Petitioner's claim fails. I'd like to start. Could you just start? I think Judge Gould and I appear to have the same question on the Oregon law. Is counsel's recitation of Oregon law correct about the victim having to actually perceive the threat, know that it's someone with the weapon? No, I do not believe that that description of Oregon law is correct. I think that Petitioner's claim on the merits, on the substance, I think that Petitioner's argument is that Oregon law requires this sort of direct, perceived threat by the robber, essentially, that the robber has to directly threaten the victim in order for that victim to qualify under the statute as a victim, quote-unquote victim. His claim, then, is that under Jackson v. Virginia, there's no evidence that he pointed a gun at this particular woman, at Ms. Killam, that he said anything to Ms. Killam that he ever directly threatened her, and, therefore, he says that the evidence is insufficient to establish his guilt. The State's position is that that's just not how the statute works, and I know that Mr. Bornstein cited several cases from the Oregon Appellate Courts dealing with this robbery statute. I've looked at those cases. I've done my own research as well, and I'm just not aware of any published appellate decision from the Oregon State Courts that addresses this precise issue. That is, I'm not aware of any Oregon appellate case that says that this direct threat is a requirement. I'm also not aware of any case involving similar facts where our courts have dealt with this issue, which means, really, the only case I'm aware of to have dealt with this issue is this case. That is, Petitioner presented this argument about the requirement of a direct threat. He presented that to the State trial court. He said, essentially, that Ms. Killam, in this case, is like a customer in the bank during the bank robbery. The customer across the room, he said, is not a victim. He's not a victim of the bank robbery. He presented this argument to the Oregon Appellate Courts. I would call the Court's attention to the excerpt of record, page 128, is Petitioner's petition to the Oregon Supreme Court where his question presented is to describe the facts, and he just says, where an alleged victim of a robbery is in another room, is not present during the events of the robbery, and is not aware that the robbery is taking place, can the defendant be convicted of a robbery as to that victim? So he's presenting this question of statutory construction, basically asking the Oregon courts to say, how does this statute work? Is this secondary person who isn't directly threatened but is sort of indirectly threatened, does that person qualify as a victim? And in this case, which, as I said, is the only case I am aware of to address that scenario, the State courts have rejected it. So the trial court said, yes, this woman does qualify as a victim. The State court said, essentially, this is not like a bank robbery because this is in much smaller quarters than a bank or a supermarket or someplace where you would have bystanders farther away. He presented that to the Oregon Court of Appeals, and the Oregon Court of Appeals affirmed the trial court's decision. He presented that same question to the Oregon Supreme Court, and the Supreme Court denied review. So essentially, when I say that his description of Oregon law is incorrect, what I mean to say is that the Oregon appellate courts don't have any published decisions saying one way or the other what the answer is on this question, but that in this case the Oregon trial court and the Oregon appellate courts have determined that these facts were sufficient under the Oregon statute. Counsel, I should know the answer to this, but I'm not recalling it. I'll go back and look in the record after argument. But did the Oregon appellate court, the intermediate appellate court, did they address this issue in their writing, or did they just pass by it? The Oregon appellate court affirmed without opinion. So the Oregon trial court gave us a reason why it was rejecting petitioner's argument. The Oregon appellate court just affirmed that decision without opinion. So the trial court's decision is the last reasoned decision on the subject. I believe that. And you're saying you're not aware of any contrary appellate precedent. I think that's correct, Your Honor. Looking back through the trial court, the state circuit court is the last reasoned decision, and I'm not aware of any published appellate decision that is to the contrary. So that's essentially our position is if this claim was presented to the state courts, this claim essentially presents a question of statutory construction under an Oregon statute. That is, petitioner's asking someone to say that this woman does not qualify as a victim under Oregon law. And our point is either he didn't present that claim to the state courts, or he did present that claim to the state courts, and the state courts rejected it. If the state courts rejected it, I think that really is just the state courts making a determination of state law, which is obviously not the province of this court to reverse. So in a nutshell, I guess what I want to say is that that fact and that setup of petitioner's claim and the state court's resolution of it really addresses both the question of whether the question was fairly presented to the state courts and also this question of deference. That is, my position and our position really is that what petitioner presented to the state courts was a question of statutory construction, which is a little different from a due process kind of question. And in that sense, he didn't fairly present the question to the state courts, and the state courts did resolve that statutory construction issue. And in both of those ways, petitioner's claim fails. If the court has more specific questions, I'm happy to answer them. Otherwise, that's really all I have at this time. I have no question. Thank you. Thank you. Counsel, I'll give you a minute. Could you respond to the argument just made about what you presented? Were you counsel in the proceedings in the Oregon courts? No, Your Honor. Okay. Is counsel's characterization of the questions presented correct? Absolutely incorrect. The state very clearly framed the- What was your client's presentation? What was the question presented to the Oregon courts? Insufficient evidence. Insufficient evidence under what? Insufficient evidence- Under state law. No, I disagree with that in that Oregon's sole criteria is the federal standard of Jackson v. Virginia. Well, that just- Okay. But what was the insufficient evidence? There is this question about whether or not you have made an eloquent argument about what Oregon law requires. And the due process argument, which is the federal claim, if there was a federal claim presented, would have to say that given whatever the state construes as the elements, no reasonable trier of fact could have found that on this evidence those elements were presented. They just couldn't. And it all depends on whether you're correct, I think, that the victim actually- Your Honor, I think that, if I can clarify, the act of a threat has to be made. Now, a sleeping- A person coming in the door with a gun in his hand is threatening somebody. A reasonable juror could certainly find that. Isn't that correct? I think the use of the word somebody is significant. And it separates- I know you're trying to separate it from the guy who opened the door and the woman who was in the bedroom hiding. Okay. And unlike the bank robbery situation in the State v. Dillman case where the robber points the gun at all persons present, that is not what happened here. So you agree that there isn't a direct case, but the cases that are argued from the bank robbery cases are what you're relying on? Well, first of all- Is the answer to that yes or no? There is no case that's a carbon copy of this case, but the courts of appeal in Oregon have stated and explicated the elements, particularly Dillman, which says the distinctive aspect of robbery is the threat of violence, quote, to a person. And that means that the act has to be there. And so if I could just, in conclusion, clarify- Well, on that point, did the Dillman case say that the threat of robbery to a person has to be perceived by them? I'm back to my earlier hypothetical. If the person in the house is sleeping and the robber comes in, you know, with a machine gun, but the person in the house sleeping has no perception of it, then you're saying that it's not satisfied, I guess. And I'm trying to find out what's your best appellate case that says that. Are you saying Dillman? I think Dillman and the Williams case on pages 25 to 26 of our brief, where it says, however, without a minimum, the threat of force against another person, excuse me, however, without at a minimum the threat of force against another person, no robbery has occurred. So if there is no perception, but the person, the intruder does make a threat against that particular person, that specific person, that would be a robbery. But the lack of awareness on this conscious victim in this case is proof, even if indirect, that she, that he did not communicate the threat. All right. Thank you. The case is submitted. We appreciate the arguments. Thank you.
judges: Fisher, Gould, Paez